IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROLYN FANKHANEL, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> FASI FILIAGA, *et al.*, <br> Defendants. | **ORDER and MEMORANDUM DECISION** <br><br> Case No. 2:09-cv-400 CW |

This matter is before the court on Plaintiffs' Motion for Default Judgment against Defendant Fasi Filiaga (Dkt. No. 9). As discussed below, the court GRANTS in part and DEFERS ruling in part on this motion until after a hearing. The matters the court shall address at the hearing and the reasons for doing so are discussed below.

## BACKGROUND

In this case, Plaintiffs have sued Mr. Filiaga and others over an investment fraud scheme. In their Complaint, Plaintiffs assert that Mr. Filiaga induced them to make sham stock investments with him after gaining their trust and making various misrepresentations. Instead, Mr. Filiaga was simply stealing the money for his own personal use. To facilitate the scheme, Mr. Filiaga entered into agreements with each Plaintiff investor. These agreements resulted in partnerships, each called "PT Investments." Under the agreements, the Plaintiffs were "funding partners" and Mr. Filiaga was the "managing partner." According to the Complaint, "[a]lthough [Mr.] Filiaga referred to the 'PT Group' or the 'PT Investments Group', the partnership agreement as drafted by [Mr.] Filiaga only consisted of himself and a single individual, creating a

2-person partnership.  Each of the plaintiffs entered into a 2-person partnership and signed the written partnership agreement between 2004 and 2007."  (Compl. ¶ 27.)  Under the agreements, Plaintiffs committed to complying with certain requirements, such as attending classes run by other Defendants.  If the Plaintiffs did not comply with the requirements, Mr. Filiaga could cancel the agreements.

Plaintiffs make five claims against Mr. Filiaga: RICO, RICO conspiracy, fraud, breach of fiduciary duty, and unjust enrichment.  For each claim except fraud, Plaintiffs allege damages "in an amount to be determined at trial."  (Compl. at ¶¶ 92, 103,114 and 130.)  On the fraud claim, Plaintiffs appear to pray for damages in the amount of the unreturned principal on their investments along with punitive damages.

Plaintiffs filed this action in this court on May 4, 2009.  On June 20, 2009, Plaintiffs effected personal service on Mr. Filiaga at a California address.  Mr. Filiaga did not answer by July 10, 2009 and the Clerk of this court entered a default certificate on July 14, 2009 (Dkt. No. 9.)  On August 10, 2009, Plaintiffs moved *ex parte* for default judgment against Mr. Filiaga on all claims against him.  As damages, Plaintiffs seek three times the amount of money they collectively invested with or loaned to Mr. Filiaga, plus attorney's fees and costs.

## ANALYSIS

Before granting a  motion for default judgment, the court must take several steps.  First, the court must ensure that it has personal jurisdiction over the defaulting defendant.  *See Illiams v. Life Sav. & Loan*, 802 F.2d 12000, 1202-03 (10th Cir. 1986).  Next, the court should consider whether the well-pleaded allegations of fact- which are admitted by defendant upon default-

support a judgment on the claims against the defendant.  *See Federal Fruit & Produce Co. v. Red Tomato, Inc.* Civ. Action No. 08-cv-0114-RPM-MEH, 2009 WL 765872, *3 (D. Colo. March 20, 2009).  "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  Whether to grant default judgment is in the discretion of the district court.  *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).  Once the court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages.  Fed. R. Civ. Pro. 55(b)(2).  Generally, a damages hearing is not needed when the damages requested are for a sum certain.  *See United States v. Craighead*, 176 Fed. Appx. 922, 925 (10th Cir. 2006).

I.      **Fraud, Breach of Fiduciary Duty and Unjust Enrichment**

The court is comfortable that the facts alleged in the Complaint are sufficient to prove Plaintiffs' claims for fraud (Count 3 of the Complaint), breach of fiduciary duty (Count 4 of the Complaint) and unjust enrichment (Count 7 of the Complaint).  Accordingly, default judgment on those counts is proper and Plaintiffs' motion is granted in that respect.  The court will discuss the damages on those counts below.

II.     **RICO and RICO Conspiracy**

The court is not presently comfortable, however, that it would be appropriate to grant judgment on the RICO and RICO conspiracy counts.  As Plaintiffs are clearly aware, a "RICO violation requires: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"  *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008).  The court's main concern at

this point is that the Complaint has not adequately alleged the enterprise requirement, even taking the facts alleged as true. To cut to the core issue, the court reads the Complaint to allege that Mr. Filiaga set up agreements with individual Plaintiffs and used those agreements as instrumentalities to steal from Plaintiffs and to pressure Plaintiffs to pay for courses. While these agreements purported to be partnership agreements, it does not appear from the facts alleged that they created partnerships or other entities in the legal sense. But to meet 28 U.S.C. § 1961(3)'s definition of "person," an entity must be "capable of holding a legal or beneficial interest in property."

Further, even assuming the partnerships met RICO's definition of person (as is alleged as a legal conclusion in the Complaint), the PT Investment partnerships were limited to two people- Mr. Filiaga and the Plaintiff investor. The complaint itself appears to disavow the idea that the partnerships were part of a larger group. (*See* Compl. ¶ 27.) The only apparent association in fact among Mr. Filiaga and the PT Investment partnerships was Mr. Filiaga's use of each partnership to steal money for himself and otherwise enrich himself. But "[i]t is well-settled in this circuit, as in most others, that for purposes of 18 U.S.C. § 1962(c), the defendant 'person' must be an entity distinct from the alleged 'enterprise.'" *Brannon v. Boatmen's First Nat'l Bank of Okl.*, 153 F.3d 1144, 1146 (10th Cir. 1998).

Put another way, even taking the Complaint's allegations as true, it appears that the Complaint fails to allege a RICO or RICO conspiracy claim because the gravamen of the Complaint is Mr. Filiaga's own actions, as opposed to the actions of an enterprise. But "liability under § 1962(c) 'depends on showing that the defendant[ ] conduct[s] or participat[es] in the

conduct of the 'enterprise's affairs,' not just [its] own affairs.'" *Id.* (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)).

To be clear, the court is not ruling that Plaintiffs have not proven their RICO and RICO conspiracy claims. Rather, the court would welcome a brief from Plaintiffs addressing the issues raised herein, as well as any other issues related to the RICO claims that Plaintiffs feel is relevant to the court's consideration of these counts. If Plaintiffs elect to submit such a brief, it is due 30 days from the date of this Order.

**III.  Damages**

It is apparent that certain Plaintiffs are entitled to a sum certain in the amount of the unreturned principal of their investments. These damages apply to each of the fraud, breach of fiduciary duty and unjust enrichment claims. Accordingly, at this time the court finds that the Plaintiffs are entitled to an award of $2,053,500, plus attorney's fees and costs.

With that established, one Plaintiff, Ronald Gross, was returned the principal on his investment and appears to seek damages not specified in Plaintiffs' request for default judgment. Moreover, even those Plaintiffs who are entitled to the return of the principal on their investments may be able to show other consequential damages caused by Mr. Filiaga's tortious actions. Further, the Complaint prays for punitive damages on the fraud claim.

In light of the prayers for damages that are not in the amount of a sum certain, the court welcomes Plaintiffs' submission on any additional damages, whether consequential or punitive, that may be awarded here. Accordingly, the court will set a hearing to address the amount of damages related to Plaintiff's non-RICO causes of action against Mr. Filiaga. Any written

submission on damages is due 30 days from the date of this Order.  (Note that if Plaintiffs are awarded a judgment on the RICO claims, a further hearing on damages may be needed.  The court will consider that question if and when it becomes ripe.)

## CONCLUSION AND ORDER

For the reasons set forth above, default judgment is GRANTED against Mr. Filiaga and in favor of Plaintiffs on Counts 3, 4 and 7 of the Complaint.  Plaintiffs are awarded $2,053,000 plus attorney's costs and fees  The amount of any additional damages on those claims will be determined at a hearing to be held on December 8, 2009 at 3:30 p.m.  The court DEFERS ruling on Count 1, RICO and Count 2, RICO conspiracy until it considers Plaintiffs' submissions on those counts.  In addition to reviewing any brief by Plaintiff on this issue, the court is willing to hear argument on this issue at the damages hearing.

DATED this 13th day of October, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge